**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
RELIANCE COMMUNICATIONS LLC,

                            Plaintiff,

                - against -

RETAIL STORE VENTURES, INC. and
BRADLEY CHURCH

                          Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 12-2067 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      Plaintiff Reliance Communications LLC ("Plaintiff" or "Reliance") commenced this action against Defendants Retail Store Ventures, Inc. ("RSV") and Bradley Church ("Church") (collectively, "Defendants") asserting claims for breach of contract and an account stated. After RSV failed to answer the Complaint, the Clerk of the Court noted its default on the docket on November 13, 2012. DE 18. Plaintiff now moves for entry of a default judgment against RSV. DE 19. Judge Spatt referred this matter to me for a Report and Recommendation as to whether the default judgment should be granted and, if so, what damages, if any, are appropriate, including any attorney's fees. *See* DE 21. Based upon the information submitted by Plaintiff, and for the reasons set forth below, the Court respectfully recommends to Judge Spatt that: (1) a default judgment be entered against RSV, but (2) that the calculation of damages against RSV be postponed until the case is resolved as to both Defendants.

## II. BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of this default motion.

Plaintiff Reliance is in the business of selling cellular service equipment to certain Verizon cellular store operators. Compl. ¶ 4. Defendant RSV sells cellular service equipment and Verizon Wireless merchandise, among other things, as a retailer. *Id.* ¶ 6. By written agreement dated June 18, 2010 (the "Sales Agreement"),[1] Reliance agreed to sell RSV merchandise on credit. *Id.* ¶ 14. The Sales Agreement provides in relevant part:

> Payment of the purchase price for goods and/or services acquired from Reliance shall be made pursuant to the terms set forth on each invoice, and Applicant agrees to pay all charges according to the payment terms established in said invoice. The entire outstanding balance due on all invoices shall become due and payable to Reliance in full immediately upon the default of Applicant in the payment of any invoice or under any of these Terms and Conditions.

*Id.* ¶ 15. Reliance also alleges that RSV agreed to an interest rate of "2.0% per month, or the highest rate permitted by law, whichever is less" on past due payments. *Id.* ¶ 16. Further, RSV agreed to pay "reasonable attorney's fees" incurred in exercising its rights under the Sales Agreement or enforcing its terms. *Id.* ¶ 16.

Reliance alleges that, pursuant to the Sales Agreement, on or about June 18, 2010, Reliance sold RSV cell phones and cell phone-related merchandise for $97,934. *Id.* ¶¶ 23. Despite Reliance's demand, no part of this sum has been paid to date. *Id.* ¶ 24. As a result of

---

[1] A copy of the Sales Agreement is attached to the Complaint as Exhibit A.

this failure to pay, Plaintiff filed suit on April 27, 2012 asserting claims for breach of contract[2] and an account stated against RSV,[3] as well as additional claims against Defendant Church. Plaintiff also alleges that it is entitled to interest running from February 18, 2011. *Id.* ¶ 25.

Defendant Church answered the Complaint on August 20, 2012, by and through his attorney Elizabeth Chew. *See* DE 6. In his Answer, Church asserted cross-claims for fraud and contribution against RSV based on allegations that RSV fraudulently used a stamp bearing Church's signature to sign the Sales Agreement and Church's Guaranty of the Sales Agreement. *Id.* ¶ 21-32. Reliance continues to litigate the matter against Church and a Pre-Trial Conference is scheduled for November 13, 2013.

On August 22, 2012, RSV was served with the Summons and Complaint. DE 7. As of September 28, 2012, neither the Court, Reliance, nor defendant Church had received any communications from RSV or any attorney representing RSV. DE 10. On November 13, 2012, RSV's default was noted by the Clerk of Court after RSV failed to timely answer the Complaint. DE 18. The instant motion for default judgment was filed on December 12, 2012. DE 19.

---

[2] Plaintiff's complaint alleges the first cause of action against an entity called Tower. *See* Compl. at 5. The Court assumes that this is a typographical error and that Plaintiff intended to assert the claim against RSV. The allegations set forth in the breach of contract action refer to RSV. *See id.* at 5. Moreover, Plaintiff's Memorandum of Law in Support of Default Judgment also discusses the claim asserted against RSV. *See* DE 28 at 8 (Pl's memo, discussing a breach of contract claim against RSV).

[3] Reliance also asserts a separate cause of action for "Attorney Fees" against both RSV and Church. *See* Compl. ¶¶ 36-38. The claim for attorney's fees and costs is not actually a separate cause of action, but rather is part of Reliance's breach of contract claim and the Court will treat it as such.

**III.     LEGAL STANDARD**

For a party to obtain a default judgment, the movant must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b). A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *See* Fed. R. Civ. P. 8(b)(6); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009). The fact that a complaint remains unanswered will not suffice to establish liability on its claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading." *Said v. SBS Elecs., Inc.*, No. CV 08-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *adopted as mod. by* 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010). "[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Id.*

In determining whether a default judgment should be entered, courts consider the same factors which apply to a motion to set aside entry of a default. These include: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's

4

claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); *see also O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (finding that courts may consider "numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt" when deciding a motion for default judgment) (internal quotations and citation omitted); *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) (finding that the grounds for a default judgment were established by the defendant's failure to answer the complaint, particularly in light of the fact that the defendant had expressed no intention to do so at a later time). Ultimately, the decision to grant a motion for default judgment is left to the sound discretion of the court. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.") (internal quotations omitted); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1983) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits.").

Although a default judgment entered on the well-pleaded allegations in a complaint establishes a defendant's liability, a plaintiff must still prove damages. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir.

5

2012); *see also Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005). In determining damages not susceptible to simple mathematical calculations, Rule 55(b)(2) of the Federal Rules of Civil Procedure gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient. *See Action S.A. v. Marc Rich and Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1989). "The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" *LaBarbera v. Les Sub-Surface Plumbing, Inc.*, No. 06-CV-3343, 2008 WL 906695, at *3 (E.D.N.Y. Apr. 3, 2008) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)); *accord Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234.

**IV.   DISCUSSION**

   **A.   Default**

As to the first of the three factors, Reliance has sufficiently demonstrated the willfulness of RSV's default. An unexplained failure to answer a complaint is typically sufficient to demonstrate willfulness. *See S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998)*; Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). RSV neither answered nor responded in any way to the Complaint, nor did it request an extension of time to respond. There is no indication that Defendant RSV's failure to respond to the Complaint, despite being properly served, was anything but deliberate.

The second factor to consider is whether the defaulting defendant has a meritorious defense. Where, as here, a defendant fails to answer the complaint, courts are unable to make a determination as to whether the defendant has a meritorious defense to the plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a default judgment against RSV. *See Empire State Carpenters Welfare. v. Darken Architectural Wood,* No. 11–CV–46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012); *Mack Fin. Serv. v. Poczatek,* No. CV–10–3799, 2011 WL 4628695, at *4 (E.D.N.Y. Aug. 30, 2011).

Even though Defendants have not presented evidence of a meritorious defense, in order to warrant a finding of liability, plaintiff must demonstrate that the allegations set forth in the Complaint state valid claims. *See Said v. SBS Electronics, Inc.,* No. CV–08–3067, 2010 WL 1265186, at *2 (E.D.N.Y. Mar. 31, 2010) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."); *J & J Sports Prods., Inc. v. Daley,* No. CV–06–0238, 2007 WL 7135707, at *3–4 (E.D.N.Y. Feb.15, 2007) (discussing how "conclusory allegations based on information and belief" are insufficient to support a finding of default-based liability). The Court will examine each of Reliance's claims in turn.

In order to state a claim for breach of contract under New York law,[4] a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 177 (2d Cir. 2004) (quotation

---

[4] The Sales Agreement provides that it "shall be exclusively construed and interpreted in accordance with the laws of the State of New York, excluding conflict of law's provisions." Sales Agreement ¶ 13.

omitted); *accord Kausal v. Educ. Prods. Info. Exchange Institute*, 105 A.D.3d 909, 910, 964 N.Y.S.2d 550 (2d Dep't 2013).

In the Complaint, Reliance alleges the existence of an Agreement with RSV, namely, the Sales Agreement. DE 1 ¶ 14. Pursuant to the Sales Agreement, Reliance maintains that it delivered to RSV cell phones and other merchandise relating to the sale of cell phones. *Id.* ¶ 23. Reliance further states that RSV has failed to pay the balance due on this merchandise, in breach of the Sales Agreement. *Id.* ¶ 24. According to Reliance, RSV owes as damages $97,934, plus interest. *Id.* Accordingly, Plaintiff has sufficiently alleged the elements of a claim for breach of contract against RSV.

In order to state a claim for an account stated under New York law, Reliance must allege that: "(1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated." *See IMG Fragrance Brands, LLC v. Houbigant, Inc.,* 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009); *accord Cameron Engineering & Assocs., LLP v. JMS Architect & Planner, P.C.*, 75 A.D.3d 488, 489 (2d Dep't 2010). The second and third elements can be inferred from a debtor's receiving a statement of account and keeping it without timely objection. *IMG Fragrance Brands, LLC*, 679 F. Supp. 2d at 411; *see also LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham,* 185 F.3d 61, 64 (2d Cir. 1999); *Russo v. Heller*, 80 A.D.3d 531, 532 (1st Dep't 2011) ("[A]n account stated . . . exists where a party to a contract receives bills or invoices and does not protest within a reasonable time.").

Reliance alleges in the Complaint that it presented RSV with statements of an account showing a balance due of $97,934. Compl. ¶¶ 27-28. Further, Reliance alleges that RSV received and retained the statements without objecting to any item set forth in the statements. *Id.*

8

¶ 28.  Indeed, Reliance alleges that RSV admitted in writing to its indebtedness.  *Id.* ¶ 28. Accordingly, Plaintiff has sufficiently alleged a claim for an account stated.

Finally, the court must consider whether the plaintiff would be prejudiced if the motion for default judgment were to be denied.  Denying this motion would be prejudicial to Reliance "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,* No. 06–CV–14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008).  Without the entry of a default judgment, Plaintiff would be unable to recover for the claims set forth in the Complaint against RSV.  Since all three factors weigh in favor of Plaintiff, a default judgment is warranted here.  Therefore, I respectfully recommend to Judge Spatt that a default judgment be entered against Defendant RSV on Plaintiff's claims for breach of contract and an account stated.

### B. Damages

As noted above, while a party's default is deemed to constitute concession of all well-pleaded allegations of liability, it is not considered an admission of damages.  *See Greyhound*, 973 F.2d at 158.  Therefore, Plaintiff must still establish that it is entitled to the damages it seeks. *Cement and Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234; *Greyhound*, 973 F.2d at 158.  The burden is on the movant to establish its entitlement to recovery, but the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Id*. at 159.

Where there are multiple defendants who may be held jointly and severally liable and "some but not all defendants have defaulted, 'the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party . . . .'" *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting *Friedman v. Lawrence*, No. 90-CV-5584, 1991 WL 206308, at *4 (S.D.N.Y. Oct. 2, 1991)). This approach avoids the problem of dealing with inconsistent damages inquests. *Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (collecting cases); *see also Long Island 5 Hous. Servs. v. Greenview Properties, Inc.,* No. 07 CV 0352, 2008 WL 150222, at *2 (E.D.N.Y. Jan. 11, 2008) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (same).

Here, although the Complaint does not expressly use the term "joint and several liability," the damages sought from RSV and Church are identical since Reliance seeks to hold Church liable on the theory that he is a guarantor of RSV's payments. *See* Compl ¶¶ 31-35. Moreover, the Guaranty allegedly signed by Church provides that his obligations are "joint and several." *See Id.*, Ex. B. Church's cross-claim for contribution against RSV for damages if Plaintiff recovers against Church further complicates the matter. DE 6 ¶¶ 16, 19. For all of these reasons, the Court finds it prudent to defer a ruling on damages until Plaintiff's claims against Church have been adjudicated. Accordingly, the Court respectfully recommends that, to the

extent that the motion seeks an award of damages against RSV, that the motion be DENIED, without prejudice, at this juncture.

V.      CONCLUSION

For the foregoing reasons, this Court respectfully recommends to Judge Spatt that (1) a default judgment be entered against Defendant RSV and (2) the calculation of damages against RSV be postponed until the case is resolved as to both Defendants, including the cross-claims. Plaintiff may renew this motion at the appropriate time.

V.      OBJECTIONS

**Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon the Defendants forthwith by overnight mail and first-class mail and to file proof of service on ECF.**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Such objections shall be filed with the Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt, and to the Chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
August 7, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge